# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANITA HUNTER, et al.<br><br>            Plaintiffs,<br><br>vs.<br><br>CITIBANK, N.A., et al.<br><br>            Defendants | Case No.:   09-cv-02079 JW<br><br>**Assigned to Hon. James Ware**<br><br>**STIPULATION RE: DEPOSITION PROTOCOL;**<br>**[~~PROPOSED~~] ORDER** |

WHEREAS, the parties have taken a limited number of depositions in this action and anticipate taking numerous additional depositions;

WHEREAS, the parties have submitted a Stipulation and proposed Scheduling Order to allow time to, among other things, take the numerous additional depositions and the parties have jointly agreed upon a deposition protocol to allow those depositions to proceed efficiently;

NOW THEREFORE, based on the foregoing, the below identified parties HEREBY AGREE and STIPULATE THAT the parties shall abide by the following Deposition Protocol, that all pending deposition notices or subpoenas served prior to this Protocol's entry by the Court shall be governed by this Protocol in all respects, and that all depositions taken in the above-captioned matter shall be governed by this Deposition Protocol:

I.      **Scheduling of Depositions, Court Reporters, and Exhibits**

Nothing in this Order shall preclude any party from seeking an appropriate Protective Order in connection with any deposition.  Absent stipulation of the parties or further Order of the Court, depositions shall be conducted only according to the following procedures:

a.      The "Deposition Scheduling Committee" shall consist of Plaintiffs' counsel, and counsel for Defendants Citibank, Kutak Rock, Foley & Lardner and the Boulder Defendants, so long as these defendants remain in the case.  If any Deposition Scheduling Committee member's client ceases to be in the case (whether due to settlement, dismissal, or otherwise), a

1  new Committee member may be appointed by a majority vote of all parties then remaining in

2  the case.  The Deposition Scheduling Committee shall agree in advance upon court reporting

3  and deposition videotaping services.  Use of the selected vendor for all depositions shall be

4  mandatory except where that vendor is unable to provide a court reporter.  Nothing in this Order

5  shall require a party to videotape any deposition, but any party shall have the right to request

6  that a deposition be videotaped, provided notice is given within three business days of receipt of

7  the Notice of Deposition, or no less than fifteen days before the commencement of the

8  deposition, whichever is later.  If such a request is made, only the requesting party and each

9  party ordering a copy shall be responsible for the cost of videotaping.

10         b.      The court-reporting service(s) shall record all conference calls with the Court

11  that occur during any depositions as part of that day's deposition transcript.  All depositions

12  will have teleconference abilities so counsel may attend by phone.  All depositions will also

13  have real-time access, both locally and via the internet, which will be compatible with

14  LiveNote, Summation and other realtime software.

15         c.      To the extent feasible, the parties shall use a uniform exhibit numbering system

16  for depositions so that a particular document, once marked for identification, need not be

17  marked again.  The Deposition Scheduling Committee shall establish the exhibit numbering

18  system and shall give notice of it to all parties.  The numbering of exhibits shall conform to the

19  requirements of Civil Local Rule 30-2, as well as the Court's prior Scheduling Order (Docket

20  No.162).

21         d.      Except with the consent of the witness, all non-expert depositions shall be taken

22  within seventy-five miles of the witness's business or residence.   For non-party witnesses

23  required to travel more than seventy-five miles to attend a deposition, the parties requesting

24  time to depose the witness shall share the cost of the witness's expenses in proportion to the

25  time granted by the Deposition Scheduling Committee to examine the witness.  This provision

26  shall not apply to requests for deposition covered by prior agreements, including settlement

27  agreements specifying payment arrangements for cooperation in this action.

28

e.      The Deposition Scheduling Committee shall confer as necessary to develop a Master Deposition Schedule, which, absent a protective order issued by the Court, shall govern the sequence and scheduling of all depositions.  Any party wishing to notice a deposition in this action must first confer with the Deposition Scheduling Committee to ensure that the requested deposition is scheduled for a date or dates consistent with the Master Deposition Schedule. The Deposition Scheduling Committee shall confer in good faith to schedule all depositions noticed by any party.  Absent the unanimous consent of the members of the Deposition Scheduling Committee, all depositions must be placed on the Master Deposition Schedule at least thirty days before such depositions are to occur.

f.      The Master Deposition Schedule shall set forth each deponent's name, affiliation, location of and anticipated length of the deposition, the party who noticed or subpoenaed the deposition, the initial examiner (by party, not counsel) and whether it will be videotaped.  A party may not reschedule a deposition except by mutual agreement or upon leave of Court for good cause shown.

g.      The Master Deposition Schedule shall be updated by an appointed representative of the Deposition Scheduling Committee, with all changes made as soon as practicable and distributed to all counsel in the above-referenced actions.  The distribution of the Master Deposition Schedule shall occur at such time or times as to give parties reasonable notice of the depositions that have been scheduled. A party that has an objection to the Master Deposition Schedule must so inform the members of the Deposition Scheduling Committee within four business days from the time the Master Deposition Schedule is distributed, or the scheduling objection is waived.  If an objection is made, the parties will work in good faith to re-schedule the deposition at a mutually convenient time.  If a deposition that has been placed on the Master Deposition Schedule is cancelled, the party that requested/noticed that deposition shall promptly notify all parties of the cancellation.  Unless leave of court is granted, no deposition shall be noticed for a date(s) other than those assigned in the Master Deposition Schedule.  This provision shall apply to all depositions noticed in this case.

h.      A copy of all deposition notices issued and deposition subpoenas served on any witness shall be provided to each member of the Deposition Scheduling Committee.

i.      Except in cases of unforeseen emergency, any party seeking to cancel a deposition shall give all other parties seventy-two hours notice via e-mail.

j.      Expert witness depositions are not subject to this Protocol.  The parties agree to try in good faith to stipulate to an order concerning expert witness depositions no later than thirty (30) days before such depositions are to commence.

II.     **Length of Depositions.**

Due to the complexities of these coordinated actions, Federal Rules of Civil Procedure 30(a)(2)(A) and 30(d)(2) shall be modified as follows:

a.      The ten-deposition limit contained in Federal Rule of Civil Procedure 30 shall not apply to this complex matter.  Upon unanimous agreement of the members of the Deposition Scheduling Committee, the seven-hour day limits on depositions contained in Federal Rules of Civil Procedure 30 shall be waived for any deposition taken in this matter.

b.      To the extent reasonably possible, there shall be a maximum of two deposition days total for any fact witness (defined as eight hours of actual examination, excluding the entry of appearances at the beginning of the deposition and lunch or other breaks, per day).  Depositions for which more than eight hours of question time has been requested will be set for two days.

c.      A party wishing time to examine a witness must give a good faith estimate of the time needed to the members of the Deposition Scheduling Committee no later than fifteen days before the deposition.  The Deposition Committee and the parties shall work in good faith to allocate among them the examination time for each witness.  To the extent that the parties cannot reach agreement on the allocation of examination time, any party may seek relief from the Court for good cause shown.

STIPULATION RE: DEPOSITION PROTOCOL
09-cv-2079 JW

**III.     Conduct of Depositions.**

a.     Full day depositions shall commence no earlier than 9:00 a.m. and shall conclude no later than 5:30 p.m.  Half day depositions shall conclude no later than 5:30 p.m. Exceptions may be made with the unanimous consent of all counsel appearing at the deposition. Where necessary to avoid returning on a subsequent day, the parties and the deponent shall attempt to complete the deposition by extending its adjournment for up to one hour upon agreement.

b.     No depositions may be scheduled on the weekday of or the weekday before or after an in-person Court hearing in any of these consolidated actions (including the Adversaries), or on national or religious holidays.  For purposes of this Protocol, such holidays are Rosh Hashanah (two days), Yom Kippur (two days), Columbus Day, Veterans' Day, Thanksgiving (Thursday and Friday), the two-week period beginning on the Monday before Christmas, Martin Luther King's Birthday, Presidents' Day, Good Friday, Easter Monday and Passover (two days), Memorial Day, Independence Day and Labor Day.

c.     The magnitude and complexity of this litigation require that all parties use every effort to adhere to the established rules of evidence and civil procedure.  The objection of one counsel to a question need not be repeated by another counsel to preserve that objection on behalf of such other counsel.  Any objection to the form of a question shall be deemed to have been made on behalf of all other parties and on all grounds for a form objection.

d.     Only one attorney representing a party (including each Defendant and the Class) may ask questions of a witness or object to questions during a deposition.

**IV.     Copies of Deposition Exhibits.**

a.     Each party shall bring copies (at least ten copies total) of any documents not previously marked as an exhibit for all counsel present at the deposition.  Parties attending by phone must request to receive copies of the exhibits at least two days prior to the deposition. Such requests are to be accommodated to the extent reasonably practicable.  If a party predesignates an exhibit, they shall bring three copies of the document to the deposition.  The predesignated exhibits shall be emailed to all counsel in .pdf form three days before the

1  scheduled deposition.  Once a document has been marked as an exhibit, each party shall be

2  responsible for bringing a copy of that previously marked exhibit to the depositions.

3  **V.**     **Remote Access Protocol.**

4           a.      All counsel, both attending in person and by remote access, shall identify

5  themselves and whom they represent for the record at the outset of each deposition.  Those

6  attending by phone may object and question the witnesses subject to the provisions of this

7  Order.  All depositions will have teleconference capabilities so that counsel can attend by

8  phone.

9  **VI.**    **Expert Discovery.**

10          a.      The purpose of this Section is to modify the provisions of Federal Rules of Civil

11  Procedure 26(a)(2)(B) with respect to required disclosures concerning testifying experts and to

12  limit the scope of documents concerning such experts that will be subject to discovery in the

13  above-captioned coordinated actions.

14          b.      With respect to any person or entity who a party will or may call as a witness at

15  trial in any of the actions to present evidence under Rules 702, 703, or 705 of the Federal Rules

16  of Evidence (an "Expert"), the party shall produce to all other parties in the applicable action

17  the following documents: (i) a complete statement of all opinions to be expressed by the Expert

18  and the basis and reasons therefore (the "Expert Report"); (ii) all data and other information on

19  which the Expert relied in forming the opinions reflected in the Expert Report (to the extent

20  such exhibits exist at the time the Expert Report is produced); (iii) any exhibits to be used as a

21  summary of or support for the opinions reflected in the Expert Report (to the extent such

22  exhibits exist at the time the Expert Report is produced); (iv) a complete statement of the

23  qualifications of the Expert, including a list of all publications authored by the Expert within the

24  preceding ten years; (v) a complete statement of the compensation paid or to be paid to the

25  Expert by the party sponsoring that Expert in connection with the Expert's work in the

26  applicable action; and (vi) a listing of any other cases in litigation, or any administrative

27  proceeding, involving subject matter which is the same as, or similar to, the subject matter the

28  Expert is addressing in this litigation, in which the Expert has served an Expert Report, or has

7316.001

STIPULATION RE: DEPOSITION PROTOCOL
09-cv-2079 JW

1   testified as an expert at trial or by deposition, within the preceding four years."

2        c.        With respect to Paragraph b.(ii) above ("data and other information on which the

3   Expert relied in forming the opinions reflected in the Expert Report"), the parties need not

4   produce copies of treatises or other readily accessible public source materials identified in their

5   Experts' Reports, and, in lieu of reproducing documents previously produced in these actions or

6   depositions previously taken in the actions, parties may identify such documents by Bates

7   numbers and depositions by witness name and date. The parties also need not produce drafts of

8   the Expert Report.

9        d.        Notwithstanding anything to the contrary in Federal Rules of Civil Procedure

10  26(a)(2)(B) or case law, no documents concerning Experts other than those described above in

11  Paragraph b. shall be subject to discovery in the actions, nor shall they be the subject of

12  depositions testimony in the actions, including but not limited to drafts of Expert Reports.

13  **IT IS SO STIPULATED.**

14  Dated:  April 14, 2010                    HOLLISTER & BRACE

15

16                                            By:  /s/  Michael P. Denver
                                                   ROBERT L. BRACE
17                                                 MICHAEL P. DENVER

18  Dated:    April 14, 2010                  FOLEY BEZEK BEHLE & CURTIS LLP

19                                            By:  /s/  Thomas G. Foley, Jr.

20                                                 THOMAS G. FOLEY, JR.
                                                   *Attorneys for the Hunter Plaintiffs*
21                                                 *and the Class*

22  Dated:    April 14, 2010                  ZELLE MCDONOUGH & COHEN LLP

23

24                                            By:  /s/  Anthony R. Zelle
                                                   ANTHONY R. ZELLE
25                                                 BRIAN MCDONOUGH
                                                   *Attorneys for Plaintiff Quirk Infiniti*
26                                                 *and the Class*

27

28

7316.001                STIPULATION RE: DEPOSITION PROTOCOL
                              09-cv-2079 JW

1    Dated:  April 14, 2010                     THE GORDON LAW FIRM LLP

2
                                                By:   /s/  Todd B. Gordon
3                                                     STEPHEN F. GORDON
                                                      TODD B.GORDON
4                                                     *Attorneys for the Boulder Defendants and*
                                                      *Defendant Roy S. MacDowell, Jr.*
5

6    Dated:  April 14, 2010                     O'MELVENY & MEYERS

7
                                                By:   /s/  Allen Burton
8                                                     MEREDITH LANDY
                                                      ALLEN BURTON
9                                                     BRADLEY J. BUTWIN
                                                      GARY SVIRSKY
10                                                    *Attorneys for Defendants Bank of America,*
                                                      *FSB and Countrywide Bank, N.A.*
11

12   Dated:  April 14, 2010                     SIDLEY AUSTIN LLP

13
                                                By:   /s/  Kevin Fee
14                                                    KEVIN FEE
                                                      MARK BLOCKER
15                                                    *Attorneys for Defendant Citibank, N.A.*

16
     Dated:  April 14, 2010                     FOLEY & LARDNER LLP
17
                                                By:   /s/  Olya Petukhova
18                                                    OLYA PETUKHOVA
                                                      DOUGLAS SPELFOGEL
19                                                    *Attorneys for Defendants Cordell*
                                                      *Funding LLLP, Cordell Consultants,*
20                                                    *New York, LLC, Cordell Consultants, Inc.*
                                                      *Money Purchase Plan and Robin*
21                                                    *Rodriguez*

22   Dated:  April 14, 2010                     GIBSON, DUNN & CRUTCHER

23
                                                By:   /s/  Brad Lingo
24                                                    ETHAN DETTMER
25                                                    F. JOSEPH WARIN
                                                      BRAD LINGO
26                                                    *Attorneys for Defendants Kutak Rock and*
                                                      *Joseph O. Kavan*

27

28

                                         10

1    Dated:  April 14, 2010                          KRIEG, KELLER, SLOAN,
                                                      REILLEY & ROMAN LLP
2

3                                             By:    /s/  Allison Cooper
                                                      ALLISON COOPER
4                                                     JAMES KRIEG
                                                      *Attorneys for Defendants Foley &*
5                                                     *Lardner LLP and Stephen I. Burr*

6    Dated:  April 14, 2010                          LERCH STURMER LLP
7

8                                             By:    /s/  Brett Broge
                                                      BRETT BROGE
9                                                     JERRY LERCH
                                                      *Attorneys for Defendant Silicon Valley*
10                                                    *Law Group*

11   Dated:  April 14, 2010                          GREENBERG TRAURIG, LLP
12

13                                            By:    /s/  William Goines
                                                      WILLIAM GOINES
14                                                    *Attorneys for Defendant United Western*
                                                      *Bank (f/k/a Matrix Capital Bank)*
15

16   Dated:  April 14, 2010                          LEVINE KELLOGG LEHMAN
                                                      SCHNEIDER & GROSSMAN LLP
17

18                                            By:    /s/  Lawrence Kellogg
                                                      LAWRENCE KELLOGG
19                                                    *Attorneys for Defendant Jorden Burt LLP*
20

21   **IT IS SO ORDERED.**

22   DATED:    _____11/30/10_____

23

24                                            _____
                                              HON. JAMES WARE   Patricia V. Trumbull
25                                            United States District Judge
                                                        Magistrate
26

27

28

                                    11