UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
------------------------------------------------------X

ANITA HUNTER, *et al.*,  :

          Plaintiffs,  :

     :

v.  :

     :

CITIBANK, N.A., *et al.*,  :   Case No. 09-CV-02079-JW

     :   (Related to Case No. 07-CV-2795-JW)

        Defendants.  :

------------------------------------------------------X  Assigned to:  Honorable James Ware

### ORDER APPROVING THE WAVE III CLASS SETTLEMENT WITH

### THE BOULDER DEFENDANTS

    Currently before the Court is the Plaintiffs' Motion for Final Approval of the Stipulation

and Agreement of Settlement (the "Settlement" or "Settlement Agreement" or "Agreement")

with the Boulder Parties (as defined in the Settlement Agreement), the MacDowell Parties (as

defined in the Settlement Agreement), the Trustee (as defined in the Settlement Agreement), and

the 1031 Trust (as defined in the Settlement Agreement).[1] On June 27, 2011, the Court

conducted a hearing. A copy of the Settlement has been filed with the Court. (*Hunter II* Docket

No. 478.)   The Settlement was preliminarily approved on March 2, 2011 (the "Preliminary

Approval Order".) (*Hunter II* Docket No. 495.)  The Court-approved Notice Documents (as

defined in the Preliminary Approval Order), were distributed to potential Settlement Class

members as required before March 11, 2011. There are no opt outs from the Settlement Class, as

defined below.

    The June 27, 2011 hearing was held before the Court to determine: (1) whether the

terms and conditions of the Settlement between the Settlement Class, the Trustee, the 1031 Trust,

the Boulder Parties, and the MacDowell Parties are a good faith settlement within the meaning of

California Code of Civil Procedure §§ 877 and 877.6 and are fair, reasonable and adequate for

the settlement of all claims released by the Settlement by all releasing persons against all

---

[1] Unless otherwise noted, capitalized terms in this document are defined as stated in the Settlement
Agreement.

released persons and should be approved; and 2) whether the Order Approving Settlement and Final Judgment should be entered, dismissing the above-entitled action as against the Boulder Parties, who are to be released by the Class, the 1031 Trust, and the Trustee pursuant to the terms of the Settlement, on the merits and with prejudice, and entering bar orders in favor of the Boulder Parties. The Settlement is incorporated herein by reference.

The Court considered all matters submitted to it at the hearing and otherwise, and determined that a notice of the hearing substantially in the form approved by the Court was timely mailed to all members of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this dispute, all members of the Settlement Class, and the Boulder Parties.

2. This Court finds that for purposes of settlement only the prerequisites for a class action under the Federal Rules of Civil, Procedure 23(a) and (b)(3) have been satisfied and hereby certifies the Settlement Class as follows:

> All Persons[2] who were customers of 1031 Advance 132 LLC, 1031 Advance, Inc., 1031 TG Oak Harbor, LLC, AEC Exchange Company, LLC, Atlantic Exchange Company, Inc., Atlantic Exchange Company, LLC, Investment Exchange Group, LLC, National Exchange Accommodators LLC (also known as National Exchange Accommodations, LLC), National Exchange Services QI, Ltd., NRC 1031 LLC, Real Estate Exchange Services, Inc., Rutherford Investment, LLC, Security 1031 Services, LLC, Shamrock Holdings Group, LLC, and/or The 1031 Tax Group, LLC, including any subsidiaries or affiliates of any of those entities engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031, as well as such Persons' assignees and successors, and who suffered loss or damages or allegedly suffered loss or damages in any way, directly or indirectly, related to or arising out of (a) the failure of any of the entities or persons listed above, including their subsidiaries, affiliates or agents, (b) any of the events, acts or conduct alleged in the Complaint, the First Amended Complaint, or any subsequent pleading or amended complaint in the Action entitled *Anita Hunter, et al. v. Edward Okun, et al.*, United States District Court

---

[2] "Person" means an individual, a corporation, a partnership, a joint venture, an association, a joint stock company, a limited liability company, a limited liability partnership, an estate, an unincorporated organization, a trust, a class or group of individuals, or any other entity or organization, including any federal, state, or local governmental or quasi-governmental body or political subdivision, department, agency, instrumentality thereof or any other legal entity that could sue or be sued.

for the Northern District of California, Case No. 07-CV-02795 JW, (c) any of the events, acts or conduct alleged in the Complaint or any subsequent pleading or amended complaint in the Action entitled *Quirk Infiniti, Inc. v. Wachovia Bank, N.A.*, United States District Court for the District of Massachusetts, Case No. 1:08-CV-12060, (d) any of the events, acts or conduct alleged in the Complaint, the Amended Complaint, the Second Amended Complaint, the Third Amended Complaint, or any subsequent pleading or amended complaint in the Action entitled *Anita Hunter, et al. v. Citibank, N.A., et al.*, United States District Court for the Northern District of California, Case No. 09-CV-02079 JW, or (e) any of the events, acts or conduct alleged in the Complaint, the First Amended Complaint or any subsequent pleading in the Action entitled *Gerard A. McHale v. Boulder Capital LLC, et al.*, United States Bankruptcy Court for the Southern District of New York, Adv. Pro. No.09-01129 (MG). "Class" includes, but is not limited to, any Person who was a member of the Wave I Settlement Class or the Wave II Settlement Class.

3.       Notice of the Settlement as given in a timely manner to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notifying the members of the Settlement, Class of the terms and conditions of the Settlement met other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.       The Settlement was the product of serious, informed, non-collusive and non-fraudulent negotiations conducted at arm's length by the settling Parties. The Court has considered the extent of the claimed damages, the Boulder Parties' potential liability, the settlement amount, the financial condition of the Boulder Parties, potential insurance coverage limits, and the benefits of settlement proceeds to the Plaintiffs. Accordingly, in lieu of trial, the is Court concludes the resolution of this case with respect to the Boulder Parties by way of settlement is proper, and the Agreement was entered into in good faith within the meaning of California Code of Civil Procedure §§ 877 and 877.6 and *Tech-Bilt. Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499-500 (Cal.1985).

5.       The Settlement is approved as fair, reasonable, and adequate, and the members of the Settlement Class and the Boulder Parties, are directed to consummate the Settlement in accordance with its terms and provisions.

6.     The above-entitled action is hereby dismissed on the merits and with prejudice as against the Boulder Parties. Each party shall bear its own fees and costs.

7.     To the fullest extent permitted by law, all members of the Settlement Class and all persons providing a release to the Boulder Parties in the Settlement (which is incorporated herein by reference) are hereby permanently barred and enjoined from instituting, commencing, pursuing, asserting, or prosecuting any and all Released Claims, or interests of any kind, as set forth in the Settlement, against the Boulder Parties, or either of them, and the Released Claims hereby are irrevocably compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein.

8.     To the fullest extent permitted by law, each of the non-settling defendants ("Non-Settling Defendants") are hereby permanently barred, enjoined and restrained from instituting, commencing, pursuing, prosecuting, or asserting any claim for indemnity or contribution (whether or not delineated as a claim for indemnity or contribution) against the Boulder Parties, or either of them, (or any other claim against the Boulder Parties, or either of them, where the injury to the Non-Settling Defendant [3] is the Non-Settling Defendant's liability to the Plaintiffs or costs or fees in connection with asserted liability to the Plaintiffs), arising out of the claims, events, or allegations asserted, in *Hunter v. Citibank,* No. 09-CV-02079 JW (N.D. Cal.), any action related thereto, or any other allegations asserted by the Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether in the Class Action,[4] in this Court, in the Bankruptcy Court,[5] in any federal or state court, or in

---

[3]  The Non-Settling Defendants are: Edward H. Okun, R. David Field, Lara Coleman, United Western Bank (a/k/a Matrix), the Cordell Defendants (Cordell Consultants, Inc. Money Purchase Plan, Cordell Funding LLP, Cordell Consultants, New York, LLC, and, Robin Cordell Rodriguez) and Silicon Valley Law Group.

[4]  "Class Action" means *Hunter, et al. v. Citibank, NA., et al., Case* No. 09-CV-02079-JW (N.D. Cal.), the related action styled *Hunter, et al. v. Okun, et al.,* Case No. 07-CV-02795-JW, the action styled *Quirk Infiniti Inc. v. Wachovia Bank, NA.,* United States District Court for the District of Massachusetts, Case No. 1:08-12060, or any other action filed on behalf Of the Class Representatives or the Class

[5]  The "Bankruptcy Court" means the Court presiding over the related bankruptcy proceedings pending in the Southern District of New York, including the action styled In *Re The 1031 Tax Group, LLC, et al.,* Case No. 07-11448 (MG), and certain related adversary proceedings.

ORDER GRANTING FINAL APPROVAL OF THE WAVE III CLASS SETTLEMENT
WITH THE BOULDER DEFENDANTS
Case No. 09-cv-2079-JW

any other court, arbitration proceeding, administrative agency, or other forum in the United

States, Canada, or elsewhere to the extent the Court has power or authority.

9.     To the fullest extent permitted by law, the Boulder Parties are hereby permanently

barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for

indemnity or contribution against the Settling Defendants and Non-Settling Defendants arising

out of the claims, events, or allegations asserted in *Hunter v. Citibank,* No. 09-Cv-02079 JW

ND. Cal.), any action related thereto, or any other allegations asserted by the Plaintiffs, whether

arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party

claims, whether in the Class Action, in this Court, in the Bankruptcy Court, in any federal or

state court, or in any other court, arbitration proceeding, administrative agency, or other forum in

the United States, Canada or elsewhere to the extent the Court has power or authority, except

that, to the extent that any entity hereafter asserts any claim against any Boulder Party, the

Boulder Parties may respond with any defenses, offsets, recoupments, cross-claims, third-party

claims or counterclaims against that entity.

10.    To the fullest extent permitted by law, the Settling Defendants are hereby

permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any

claim for indemnity or contribution (whether or not delineated as a claim for indemnity or

contribution) against the Boulder Parties (or any other claim against the Boulder Parties where

the injury to the Settling Defendant is the Settling Defendant's liability to the Plaintiffs or costs

or fees in connection with asserted liability to the Plaintiffs) arising out of the claims, events, or

allegations asserted in *Hunter v Citibank,* No 09-CV-02079 JW (N. D. Cal.), any action related

thereto, or any other allegations asserted by the Plaintiffs, whether arising under state, federal or

foreign law as claims., cross-claims, counterclaims, or third-party claims, in the Class Action, in

this Court, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration

proceeding, administrative agency, or other forum in the United States, Canada or elsewhere to

the extent the Court has power or authority (collectively the "Barred Claims of Settling

Defendants") provided that nothing herein shall preclude the Settling Defendants which are

insurance companies from seeking reimbursements of any amounts paid in settlement of such claims or allegations by the Plaintiffs from their respective reinsurers, solely in their capacity as such.

11.     The recovery of the Plaintiffs, if any, on their respective asserted and assertable claims against any Non-Settling Defendants shall be reduced by the amount of the Boulder Parties' equitable and proportionate share of joint and several liability, as will be determined later by the Class Action Court in the allocation of recoverable damages or costs incurred by the Plaintiffs.

12.     A qualified settlement fund ("QSF") is hereby established pursuant to 26 C.F.R. §1.46813 *et. seq.*, into which, on the Payment Date (as defined in the Settlement), the Settlement Amount, (as defined in the Settlement), shall be deposited. Gerard A. McHale, Jr., the Trustee in the related Bankruptcy proceedings, is hereby appointed as the Trustee of the QSF.  The QSF Trustee shall distribute the funds recovered in this class action and deposited into the QSF. The QSF and the QSF Trustee shall remain under the jurisdiction of this Court in connection with the matters described in this paragraph. The QSF Trustee shall have no liability in connection with his services as QSF Trustee except for gross negligence or willful misconduct. Upon further orders of the Court, the QSF Trustee shall pay approved fees, costs and other expenses, if any, and distribute the remaining funds to Settlement Class members on a *pro rata* basis, with each Settlement Class member's *pro rata* share calculated as follows: (i) each Settlement Class member's approved, lost Exchange Amount [6] plus Exchange Agreement Contractual Interest,[7] if any, shall be divided by the total of all Settlement Class members' lost Exchange Amounts plus Exchange Agreement Contractual Interest; and (ii) the resulting percentage shall be multiplied with the total amount to be distributed to the Settlement Class to determine each Settlement Class member's *pro rata* share.

---

[6]   Each Settlement Class member's "Exchange Amount" means the principal amount deposited by the Settlement Class member with the applicable 1031 Debtor under the applicable Exchange Agreement which was lost due to the insolvency of the applicable 1031 Debtor.

[7]   "Exchange Agreement Contractual Interest" means such stated interest, if any, as shall have accrued pursuant to the terms of the applicable Exchange Agreement up to the Bankruptcy Petition date of May 14, 2007

6

13.     Without affecting the finality of this Order Approving Settlement, this Court shall retain continuing jurisdiction over the above-referenced action and the Wave III Settling Defendants for purposes of supervising, administering, implementing, enforcing and interpreting the Order Approving Settlement, the claims process to be established and the distribution of funds, to Settlement Class members, if any.

**IT IS SO ORDERED.**

DATED:    June 29            , 2011

_____

HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

7

ORDER GRANTING FINAL APPROVAL OF THE WAVE III CLASS SETTLEMENT
WITH THE BOULDER DEFENDANTS
Case No. 09-cv-2079-JW