UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
--------------------------------------------------------X
ANITA HUNTER, *et al.*,

        Plaintiffs,

v.

CITIBANK, N.A., *et al.*,         Case No. 09-CV-02079-JW
        (Related to Case No. 07-CV-2795-JW)
        Defendants.
--------------------------------------------------------X  Assigned to: Honorable James Ware

## ORDER APPROVING THE WAVE III CLASS SETTLEMENT

## WITH CITIBANK, N.A.

Currently before the Court is the Plaintiffs' Motion for Final Approval of the Stipulation and Agreement of Settlement with Citibank, N.A. (the "Settlement"). A copy of the Settlement has been filed with the Court. (*Hunter II* Docket No. 471-2.) The Settlement was preliminarily approved on March 2, 2011 (the "Preliminary Approval Order") (*Hunter II* Docket No. 494). The Court-approved Notice Documents (as defined in the Preliminary Approval Order) were distributed to potential Settlement Class members as required before March 11, 2011. No potential class members requested exclusion from the Settlement Class, as defined below.

On June 27, 2011, this Court held a hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement between the Settlement Class and Citibank, N.A. ("Citibank") are a good faith settlement within the meaning of California Code of Civil Procedure §§ 877 and 877.6 and are fair, reasonable, and adequate for the settlement of all claims released by the Settlement by all releasing persons against all released persons and should be approved; and (2) whether a Judgment should be entered dismissing the above-entitled action on the merits with prejudice and entering bar orders in favor of Citibank and the Released Parties. The Settlement is incorporated herein by reference, and all capitalized terms not defined herein shall have the meaning defined in the Settlement.

The Court considered all matters submitted to it at the hearing and otherwise, and determined that a notice of the hearing substantially in the form approved by the Court was timely

mailed to all members of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the subject matter of this dispute, all members of the Settlement Class, and Citibank.

2. This Court finds that for purposes of settlement only the prerequisites for a class action under the Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied and hereby certifies the Settlement Class as follows:

> All Persons[1] who were customers of 1031 Advance 132 LLC, 1031 Advance, Inc., 1031 TG Oak Harbor, LLC, AEC Exchange Company, LLC, Atlantic Exchange Company, Inc., Atlantic Exchange Company, LLC, Investment Exchange Group, LLC, National Exchange Accommodators LLC, National Exchange Services QI, Ltd., NRC 1031 LLC, Real Estate Exchange Services, Inc., Rutherford Investment, LLC, Security 1031 Services, LLC, Shamrock Holdings Group, LLC, and/or The 1031 Tax Group, LLC, including any subsidiaries or affiliates of any of those entities engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031, as well as such Persons' assignees, and who suffered loss or damages or allegedly suffered loss or damages in any way, directly or indirectly, related to or arising out of (a) the failure of any of the entities listed above, including their subsidiaries or affiliates, (b) any of the events, acts or conduct alleged in the First Amended Complaint in the Action entitled *'Anita Hunter, et al, v. Edward Okun, et al.'*, United States District Court for the Northern District of California, Case No. C 07-02795 JW, (c) any of the events, acts or conduct alleged in the Complaint in the Action entitled *'Quirk Infiniti, Inc. v. Wachovia Bank, N.A.'*, United States District Court for the District of Massachusetts, Case No. 1:08-12060, (d) any of the events, acts or conduct alleged in the Second Amended Complaint in the Action entitled *'Anita Hunter, et al. v. Citibank, N.A.'*, et al, United States District Court for the Northern District of California, Case No. C 09-02079 JW, or (e) any of the events, acts or conduct alleged in the Amended Complaint in the Action entitled *'McHale v. Citibank, N.A.'*, United States Bankruptcy Court for the Southern District of New York, Adv. Pro. No. 09-01218. Excluded from the Settlement Class is Citibank and any person, firm, trust, corporation, officer, director or other individual or entity in which Citibank has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, administrators, successors in interest or assigns of any such excluded party.

---

[1] "Person" means an individual, a corporation, a partnership, a joint venture, an association, a joint stock company, a limited liability company, a limited liability partnership, an estate, an unincorporated organization, a trust, a class or group of individuals, or any other entity or organization, including any federal, state, or local governmental or quasi-governmental body or political subdivision, department, agency, instrumentality thereof or any other legal entity that could sue or be sued.

3. This Court finds that the Notice of the Settlement was given in a timely manner to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notifying the members of the Settlement Class of the terms and conditions of the Settlement met the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. This Court finds that the Settlement was the product of serious, informed, non-collusive, and non-fraudulent negotiations conducted at arm's length by the settling parties. The Court has considered the extent of the claimed damages, Citibank's potential liability, the settlement amount, the financial condition of Citibank, potential insurance coverage limits, and the benefits of settlement proceeds to the Class Representatives and Settlement Class. Accordingly, in lieu of trial, the Court concludes the resolution of the claim against Citibank by way of settlement is proper, and the Settlement was entered into in good faith within the meaning of California Code of Civil Procedure §§ 877 and 877.6 and *Tech-Bilt. Inc. v. Woodward-Clyde & Assocs.,* 38 Cal. 3d 488, 499-500 (Cal. 1985).

5. The Settlement is approved as fair, reasonable, and adequate, and the Class Representatives and Citibank are directed to consummate the Settlement in accordance with its terms and provisions.

6. The above-entitled action is hereby dismissed on the merits and with prejudice as against Citibank. Each party shall bear its own fees and costs.

7. To the fullest extent permitted by law, the Class Representatives and all members of the Settlement Class, on behalf of themselves and each of their past or present officers, directors, employees, agents, representatives, general or limited partners, mangers, members, affiliates, parents, subsidiaries, heirs, executors, administrators, successors, and assigns hereby fully, finally, and completely release, forever discharge and waive, against Citibank or the Released Parties (Citigroup Inc. and each of its past or present subsidiaries, parents, affiliates, successors, and predecessors and each of the foregoing's officers, directors, shareholders, general or limited partners, representatives, members, managers, agents, employees, attorneys, successors

and assigns (solely in their capacities as such), including but not limited to Citibank, Smith Barney, and any other entity affiliated with Citigroup Inc. in any way that had any contact of any sort with the 1031 Debtors or any of their exchange customers), any past, present or future claim, demand, action, cause of actions, suit, or liability of any kind or nature whatsoever, whether at law or in equity, known or unknown and specifically including Unknown Claims (as defined in the Settlement), asserted or unasserted, anticipated or unanticipated, accrued or unaccrued, fixed or contingent, held at any point from the beginning of time to the date of the Settlement belonging to the Settlement Class or the Class Representatives arising out of, connected with, or in any way related, directly or indirectly, to the subject matters of the Litigation Claims, including without limitation any claims that have been or could have been asserted in the 2009 Class Litigation or in the Citibank Adversary against Citibank or the Released Parties.

8. To the fullest extent permitted by law, each of the non-settling defendants[2] ("Non-Settling Defendants") whether in this action, or the related actions comprising the Class Action[3], shall be permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution (whether or not delineated as a claim for indemnity or contribution) against Citibank or the Released Parties (or any other claim against Citibank or the Released Parties where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to the Plaintiffs or costs or fees in connection with asserted liability to the Plaintiffs) arising out of the claims or allegations asserted by the Class Action Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether in the Class Action, in this Court, in the Bankruptcy Court,[4] in any

---

[2] The Non-Settling Defendants are: Edward H. Okun, R. David Field, Lara Coleman, the Cordell Defendants (Cordell Consultants, Inc. Money Purchase Plan, Cordell Funding LLP, Cordell Consultants, New York, LLC, and Robin Cordell Rodriguez) and Silicon Valley Law Group.

[3] "Class Action" means *Hunter, et al. v. Citibank, NA., et al., Case* No. 09-CV-02079-JW (N.D. Cal.), the related action styled *Hunter, et al. v. Okun, et al.,* Case No. 07-CV-02795-JW, the action styled *Quirk Infiniti Inc. v. Wachovia Bank, NA.,* United States District Court for the District of Massachusetts, Case No. 1:08-12060, or any other action filed on behalf Of the Class Representatives or the Class.

[4] The "Bankruptcy Court" means the Court presiding over the related bankruptcy proceedings pending in the Southern District of New York, including the action styled In *Re The 1031 Tax Group, LLC, et al.,* Case No. 07-11448 (MG), and certain related adversary proceedings.

federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada, or elsewhere to the extent the Court has power or authority.

9. To the fullest extent permitted by law, Citibank shall be permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against the Non-Settling Defendants arising out of the claims or allegations asserted by the Class Representatives, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether in the Class Action, in this Court, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada, or elsewhere to the extent the Court has power or authority, except that, to the extent that any entity hereafter asserts any claim against Citibank, Citibank may respond with any defenses, offsets, recoupments, cross-claims, third-party claims, or counterclaims against that entity.

10. To the fullest extent permitted by law, the Settling Defendants are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution (whether or not delineated as a claim for indemnity or contribution) against Citibank or the Released Parties (or any other claim against Citibank or the Released Parties where the injury to the Settling Defendant is the Settling Defendant's liability to the Plaintiffs or costs or fees in connection with asserted liability to the Plaintiffs) arising out of the claims, events, or allegations asserted in the Class Action, or any other allegations asserted by the Plaintiffs, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether in the Class Action, in this Court, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere to the extent the Court has power or authority (collectively the "Barred Claims of Settling Defendants"); provided that nothing herein shall preclude the Settling Defendants which are insurance companies from seeking reimbursements of any amounts paid in settlement of such claims or allegations by the Plaintiffs from their respective reinsurers, solely in their capacity as such.

1        11.     The recovery of the Plaintiffs, if any, on their respective asserted and assertable claims against any Non-Settling Defendants shall be reduced by the amount of Citibank's equitable and proportionate share of joint and several liability, as will be determined later by the Class Action Court in the allocation of recoverable damages or costs incurred by the Plaintiffs.

        12.     A qualified settlement fund ("QSF") is hereby established pursuant to 26 C.F.R. §1.46813 *et. seq*., into which, on the Payment Date (as defined in the Settlement), the Settlement Amount (as defined in the Settlement), shall be deposited. Gerard A. McHale, Jr., the Trustee in the related Bankruptcy proceedings, is hereby appointed as the Trustee of the QSF. The QSF Trustee shall distribute the funds recovered in this class action and deposited into the QSF.  The QSF and the QSF Trustee shall remain under the jurisdiction of this Court in connection with the matters described in this paragraph.  The QSF Trustee shall have no liability in connection with his services as QSF Trustee except for gross negligence or willful misconduct. Upon further orders of the Court, the QSF Trustee shall pay approved fees, costs and other expenses, if any, and distribute the remaining funds to Settlement Class members on a *pro rata* basis, with each Settlement Class member's *pro rata* share calculated as follows: (i) each Settlement Class member's approved, lost Exchange Amount[5] plus Exchange Agreement Contractual Interest,[6] if any, shall be divided by the total of all Settlement Class members' lost Exchange Amounts plus Exchange Agreement Contractual Interest; and (ii) the resulting percentage shall be multiplied by the total amount to be distributed to the Settlement Class to determine each Settlement Class member's *pro rata* share.

        13.     Without affecting the finality of this Order or this Final Judgment, this Court shall retain continuing jurisdiction over the above-referenced action for purposes of supervising, administering, implementing, enforcing, and interpreting the Order Approving Settlement, the

---

[5] Each Settlement Class member's "Exchange Amount" means the principal amount deposited by the Settlement Class member with the applicable 1031 Debtor under the applicable Exchange Agreement which was lost due to the insolvency of the applicable 1031 Debtor.

[6] "Exchange Agreement Contractual Interest" means such stated interest, if any, as shall have accrued pursuant to the terms of the applicable Exchange Agreement up to the Bankruptcy Petition date of May 14, 2007.

1  claims process to be established and the distribution of funds to Settlement Class members, if any.

2

3  **IT IS SO ORDERED.**

4

5  DATED: _____June 29_____ , 2011                  _____

6

7                                                     HONORABLE JAMES WARE
                                                       UNITED STATES DISTRICT JUDGE