UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
-----------------------------------------------------X
ANITA HUNTER, *et al.*,                            :
                                                   :
                       Plaintiffs,                 :
                                                   :
v.                                                 :
                                                   :
CITIBANK, N.A., *et al.*,                          :   Case No. 09-CV-02079-JW
                                                   :   (Related to Case No. 07-CV-2795-JW)
                       Defendants.                 :
                                                   :
-----------------------------------------------------X   Assigned to:  Honorable James Ware

### FINAL JUDGMENT WITH RESPECT TO
### KUTAK ROCK, LLP AND JOSEPH O. KAVAN

Pursuant to the Order Approving the Wave III Class Settlement with Kutak Rock, LLP and Joseph O. Kavan, a Judgment is hereby entered with respect to Kutak Rock, LLP (as defined in the Settlement Agreement) and Joseph O. Kavan (as defined in the Settlement Agreement), who are collectively referred to as the "Kutak Parties."

IT IS HEREBY ORDERED ADJUDGED AND DECREED that the above-entitled action is hereby dismissed on the merits and with prejudice as against the Kutak Parties.  Each party shall bear its own fees and costs.[1]

IT IS HEREBY ORDERED ADJUDGED AND DECREED that, to the fullest extent permitted by law, all members of the Settlement Class, defined as "All Persons[2] who were customers of 1031 Advance 132 LLC, 1031 Advance, Inc., 1031 TG Oak Harbor, LLC, AEC Exchange Company, LLC, Atlantic Exchange Company, Inc., Atlantic Exchange Company, LLC, Investment Exchange Group, LLC, National Exchange Accommodators LLC (also known as National Exchange

---

[1] Unless otherwise noted, capitalized terms in this document are defined as stated in the Settlement Agreement.

[2] "Person" means an individual, a corporation, a partnership, a joint venture, an association, a joint stock company, a limited liability company, a limited liability partnership, an estate, an unincorporated organization, a trust, a class or group of individuals, or any other entity or organization, including any federal, state, or local governmental or quasi-governmental body or political subdivision, department, agency, instrumentality thereof or any other legal entity that could sue or be sued.

APPROVED

*James Ware*

Judge James Ware

Accommodations, LLC), National Exchange Services QI, Ltd., NRC 1031 LLC, Real Estate Exchange Services, Inc., Rutherford Investment, LLC, Security 1031 Services, LLC, Shamrock Holdings Group, LLC, and/or The 1031 Tax Group, LLC, including any subsidiaries or affiliates of any of those entities engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031, as well as such Persons' assignees and successors, and who suffered loss or damages or allegedly suffered loss or damages in any way, directly or indirectly, related to or arising out of: (a) the failure of any of the entities or persons listed above, including their subsidiaries, affiliates or agents; (b) any of the events, acts or conduct alleged in the Complaint, the First Amended Complaint, or any subsequent pleading or amended complaint in the Action entitled *Anita Hunter, et al. v. Edward Okun, et al.*, United States District Court for the Northern District of California, Case No. 07-CV--02795 JW; (c) any of the events, acts or conduct alleged in the Complaint or any subsequent pleading or amended complaint in the Action entitled *Quirk Infiniti, Inc. v. Wachovia Bank, N.A.*, United States District Court for the District of Massachusetts, Case No. 1:08-CV-12060; or (d) any of the events, acts or conduct alleged in the Complaint, the Amended Complaint, the Second Amended Complaint, the Third Amended Complaint, or any subsequent pleading or amended complaint in the Action entitled *Anita Hunter, et al. v. Citibank, N.A., et al.*, United States District Court for the Northern District of California, Case No. 09-CV-02079 JW.  'Class' includes, but is not limited to, any Person who was a member of the Wave I Settlement Class or the Wave II Settlement Class," and all persons providing a release to the Kutak Parties in the Settlement (which is incorporated herein by reference) are hereby permanently barred and enjoined from instituting, commencing, pursuing, asserting, or prosecuting any and all Released Claims, or interests of any kind, as set forth in the Settlement, against the Kutak Parties, or either of them, and the Released Claims hereby are irrevocably compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein.

IT IS HEREBY ORDERED ADJUDGED AND DECREED that, to the fullest extent permitted by law, each of the non-settling defendants[3]  ("Non-Settling Defendants") are hereby

---

[3]  The term "Non-Settling Defendants" is defined as stated in the Settlement Agreement, except that the following entities and persons are not Non-Settling Defendants because they have now settled:  Boulder

permanently barred, enjoined and restrained from instituting, commencing, pursuing, prosecuting, or asserting any claim for indemnity or contribution (whether or not delineated as a claim for indemnity or contribution) against the Kutak Parties, or either of them, (or any other claim against the Kutak Parties, or either of them, where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to the Plaintiffs or costs or fees in connection with asserted liability to the Plaintiffs), arising out of the claims, events, or allegations asserted in *Hunter v. Citibank,* No. 09-CV-02079 JW (N.D. Cal.), any action related thereto, or any other allegations asserted by the Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether in the Class Action,[4] in this Court, in the Bankruptcy Court,[5] in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada, or elsewhere to the extent the Court has power or authority.

IT IS HEREBY ORDERED ADJUDGED AND DECREED that, to the fullest extent permitted by law, the Kutak Parties are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against the Settling Defendants and Non-Settling Defendants arising out of the claims, events, or allegations asserted in *Hunter v. Citibank,* No. 09-Cv-02079 JW ND. Cal.), any action related thereto, or any other allegations asserted by the Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether in the Class Action, in this Court, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere to the extent the Court has power or authority, except that, to the extent that any entity hereafter asserts any claim

---

Capital, LLC, Boulder Columbus, LLC, Boulder West Oaks, LLC, Boulder Holdings, VI, LLC, Boulder Holdings X, LLC, Roy S. MacDowell, Jr., Jorden Burt, LLP, Foley & Lardner, LLP, Stephen I. Burr, and Richard B. Simring.  Such entities and persons are now "Settling Defendants."

[4] "Class Action" means *Hunter, et al. v. Citibank, NA., et al., Case* No. 09-CV-02079-JW (N.D. Cal.), the related action styled *Hunter, et al. v. Okun, et al.,* Case No. 07-CV-02795-JW, the action styled *Quirk Infiniti Inc. v. Wachovia Bank, NA.,* United States District Court for the District of Massachusetts, Case No. 1:08-12060, or any other action filed on behalf of the Class Representatives or the Class.

[5] The "Bankruptcy Court" means the Court presiding over the related bankruptcy proceedings pending in the Southern District of New York, including the action styled In *Re The 1031 Tax Group, LLC, et al.,* Case No. 07-11448 (MG), and certain related adversary proceedings.

Gibson, Dunn & Crutcher LLP

1    against any Kutak Party, the Kutak Parties may respond with any defenses, offsets, recoupments,

2    cross-claims, third-party claims or counterclaims against that entity.

3         IT IS HEREBY ORDERED ADJUDGED AND DECREED that, to the fullest extent

4    permitted by law, the Settling Defendants are hereby permanently barred, enjoined and restrained

5    from commencing, prosecuting, or asserting any claim for indemnity or contribution (whether or not

6    delineated as a claim for indemnity or contribution) against the Kutak Parties (or any other claim

7    against the Kutak Parties where the injury to the Settling Defendant is the Settling Defendant's

8    liability to the Plaintiffs or costs or fees in connection with asserted liability to the Plaintiffs) arising

9    out of the claims, events, or allegations asserted in *Hunter v Citibank,* No 09-CV-02079 JW (N. D.

10   Cal.), any action related thereto, or any other allegations asserted by the Plaintiffs, whether arising

11   under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims,

12   whether in the Class Action, in this Court, in the Bankruptcy Court, in any federal or state court, or in

13   any other court, arbitration proceeding, administrative agency, or other forum in the United States,

14   Canada or elsewhere to the extent the Court has power or authority (collectively the "Barred Claims

15   of Settling Defendants"); provided that nothing herein shall preclude the Settling Defendants which

16   are insurance companies from seeking reimbursements of any amounts paid in settlement of such

17   claims or allegations by the Plaintiffs from their respective reinsurers, solely in their capacity as such.

18        IT IS HEREBY ORDERED ADJUDGED AND DECREED that the recovery of the

19   Plaintiffs, if any, on their respective asserted and assertable claims against any Non-Settling

20   Defendants shall be reduced by the amount of the Kutak Parties' equitable and proportionate share of

21   joint and several liability, as will be determined later by the Class Action Court in the allocation of

22   recoverable damages or costs incurred by the Plaintiffs.

23        Without affecting the finality of this Final Judgment With Respect to Kutak Rock, LLP and

24   Joseph O. Kavan, this Court shall retain continuing jurisdiction over the above-referenced action and

25   the Wave III Settling Defendants for purposes of supervising, administering, implementing, enforcing

26   and interpreting the Final Judgment With Respect to Kutak Rock, LLP and Joseph O. Kavan, the

27   claims process to be established and the distribution of funds to Settlement Class members, if any.

28

This Court finds that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for the delay in entering this Judgment and Judgment is hereby entered.

**IT IS SO ORDERED.**

DATED: _____June 29_____, 2011

_____
HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE